UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Brett H. Gilman,

     Plaintiff,

v.

Schwan's Home Service, Inc.

     Defendant.

MEMORANDUM OPINION
AND ORDER
Civil No. 07-2048 (MJD/RLE)

_____

     Robert E. Kuderer and Stacey A. Molde, Johnson and Condon, P.A. for and on behalf of Plaintiff.

     James B. Sherman and Christine E. Hlavac, Wessels & Pautsch, P.C. for and on behalf of Defendant.

_____

     This matter is before the Court on Defendant Schwan's Home Service, Inc.'s ("Schwan's") motion for summary judgment.

I.  Background

     Plaintiff was employed by Schwan's as a route manager from August 2004 until March 14, 2006.  As a route manager, Plaintiff would sell and deliver food products from Schwan's depots to the customer's homes.  The qualifications for this job required a high school degree or equivalent, one or more years of related

1

experience and the ability to effectively operate a commercial vehicle pursuant to the Federal Department of Transportation ("DOT") eligibility requirements, including a driver's license and medical certification.  There is no dispute that when the Plaintiff was hired, he possessed these qualifications.

In February 2006, the Plaintiff was diagnosed with Type 1 diabetes.  As a result of this medical diagnoses, the Plaintiff was no longer certified to operate a commercial vehicle under the DOT requirements.  An exemption could be obtained, but it is undisputed that such exemption could not be obtained overnight.  Plaintiff testified at his deposition that one of the requirements for the exemption would be two months of blood sugar testing. Plaintiff Dep. p. 54. Other paperwork had to be filled out as well, and the entire process could take anywhere from three to six months - there being no guarantee, however, that an exemption would be granted.  Id. p. 55.

For approximately two weeks, the Plaintiff was provided someone to drive the truck for him.  Jeff Wurtzberger, Plaintiff's supervisor, testified that providing Plaintiff a driver was not a reasonable accommodation, so efforts were made to find other positions for the Plaintiff within the company.  Wurtzberger Dep. 21-22.  Plaintiff was also told that once he became recertified, he could re-apply for

2

the route manager position.  Plaintiff Dep. p. 43-44.  Schwan's asserts that

Plaintiff was offered a warehouse position at Schwan's, but Plaintiff disputes

whether he was definitively offered any warehouse position.  Plaintiff does not,

however, dispute that Wurtzberger talked with Plaintiff about looking at job

openings within the company, and that he was directed to the company's website

to look at current job openings.  Id. p. 47 and 71.

Plaintiff admits that he never looked at the website, nor did he accept a

different position with the company, but claims that he did not have an

opportunity to do so because he was abruptly terminated.  Id. p. 51.  Schwan's

asserts that he was terminated because he lost his DOT certification and because

he had not taken another job within the company.

Plaintiff filed a charge of disability discrimination with the Equal

Employment Opportunity Commission ("EEO") on May 1, 2006, which was

cross-filed with the Minnesota Department of Human Rights ("MDHR").   Both

the  EEO and the MDHR issued notices of dismissal of Plaintiff's claims.  The

MDHR notice was dated February 28, 2007.  This action was thereafter filed on

April 25, 2007 - exactly 90 days after the EEO dismissed the underlying charge

and 57 days after the MDHR issued its dismissal notice.

In the Complaint, Plaintiff alleges disability discrimination under the Minnesota Human Rights Act ("MHRA") (Count I) and the Americans with Disabilities Act ("ADA") (Count II).  Plaintiff alleges that Schwan's subjected him to discrimination and harassment because of his disability and that Schwan's failed to reasonably accommodate his disability.

II.     Standard

Summary judgment is appropriate if, viewing all facts in the light most favorable to the non-moving party, there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  The party seeking summary judgment bears the burden of showing that there is no disputed issue of material fact.  Celotex, 477 U.S. at 323.  This burden can be met "by 'showing' - that is, pointing out to the district court - that there is an absence of evidence to support the nonmoving party's case."  Id. at 325.  The party opposing summary judgment may not rest upon mere allegations or denials, but must set forth specific facts showing that there is a genuine issue for trial.  Krenik v. County of Le Sueur, 47 F.3d 953, 957 (8th Cir.1995).

III.    Analysis

    A.  MHRA Claim - Timeliness

Under the MHRA, a plaintiff may pursue his claims by either proceeding

directly to court, or to bring a claim before the MDHR.  If the MDHR issues a

notice dismissing the charges, a plaintiff may file an action in court, as long as the

action is commenced within 45 days of receiving the notice.  Minn. Stat. §

363A.33, subd. 1(2).  The statute further provides that a notice of dismissal is

presumed to have been received five days from the date of service by mail of the

written notice.  Minn. Stat. § 363A.33, subd. 1(3).

In this case, the MDHR issued a notice of dismissal dated February 28,

2007.   Thus, Plaintiff had to have filed his Complaint within 45 days of March 5,

2007 - or April 19, 2007.  This action was not filed until April 25, 2007, however.

Plaintiff does not dispute that the notice of dismissal was addressed properly, but

argues only that Plaintiff cannot remember receiving the notice.  Because Plaintiff

has not put forth any evidence that "that circumstances beyond his control

prohibited him from serving his complaint within the statutory period",

Plaintiff's claim under the MHRA must be dismissed as untimely.  Ochs v.

Streater, Inc., 568 N.W.2d 858, 860 (Minn. Ct. App. 1997).

B.  Harassment Claim

In his Complaint, Plaintiff asserts that he was harassed due to his

disability.  Complaint, ¶ 29.  No evidence has been presented to support a

harassment claim, nor did Plaintiff submit any argument to support this claim in

his opposition brief.  Accordingly, summary judgment as to the harassment claim

will be granted.

C.  ADA Claim

Schwan's also argues that it is entitled to summary judgment as to

Plaintiff's disability claim under the ADA, because Plaintiff cannot demonstrate

the existence of genuine issues of material fact that he is disabled, as defined by

the ADA or that he is qualified for the position of route manager with or without

reasonable accommodation.

The elements of a prima facie case of disability discrimination are: 1)

Plaintiff is disabled as defined by the ADA; 2) he is qualified to perform the

essential functions of the job, with or without reasonable accommodation; and 3)

he has suffered an adverse employment action due to his disability.  Pittari v.

American Eagle Airlines, Inc., 468 F.3d 1056, 1061 (8th Cir. 2006).

6

Schwan's argues that Plaintiff is not disabled as defined by the ADA, which requires a showing of "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (c) being regarded as having such an impairment." Ristrom v. Asbestos Workers Local 34 Joint Apprentice Committee, 370 F.3d 763, 768 (8th Cir. 2004). To prove he is substantially limited in a major life activity, Plaintiff must show that he is unable to perform, or is significantly restricted in performing, an activity that the average person in the general population can perform. Ristrom, 370 F.3d at 769.

A determination of whether a plaintiff is disabled must be made with reference to measures that mitigate an individual's impairment. Sutton v. United Air Lines, Inc., 527 U.S. 471, 475 (1999). The Court in Sutton noted that if measures to mitigate an impairment were not considered, all diabetics, for example, would be considered disabled, "because if they failed to monitor their blood sugar levels and administer insulin, they would almost certainly be substantially limited in one or more major life activities. A diabetic whose illness does not impair his or her daily activities would therefore be considered disabled simply because he or she has diabetes." Id. at 483. The Court emphasized that

7

the ADA requires persons to be treated as individuals, not as a member of a

group of people with similar impairments.  Id. at 483-484.

Schwan's asserts that Plaintiff is not disabled as there are no genuine issues

of material fact that he is substantially limited in a major life activity.  At his

deposition, Plaintiff testified that his diabetes only limited his ability to drive a

commercial vehicle.  Plaintiff Dep. 79-81.  He testified that he suffered no

physical affects from his condition.  Id.

Plaintiff argues that his diabetes has substantially limited him in the major

life activities of eating and work.  In support, Plaintiff cites to medical references

defining the effects of diabetes on the body, and how a diabetic must monitor

food intake in order to maintain his blood sugars.  Plaintiff further argues that

eating has been recognized by courts as a major life activity.  One case cited,

Lawson v. CSX Transp., Inc., 245 F.3d 916 (7th Cir. 2001), involved a plaintiff that

was a diabetic since birth, and whose diabetes caused other serious ailments,

such as high blood pressure, kidney problems and depression.  As a result, the

plaintiff had been on disability for a number of years.  Id. 245 F.3d at 919, n. 3.

Based on this plaintiff's individual medical issues, the court found that the

plaintiff was substantially limited in the major life activity of eating.  Id. at 923.

Specifically, the record contained evidence that even with insulin, the plaintiff's ability "to regulate his blood sugars and metabolize his food is difficult, erratic and substantially limited." Id.

Lawson is clearly distinguishable from the facts of this case.  Here, Plaintiff was recently diagnosed with diabetes, and he testified at his deposition that once he was diagnosed, his condition turned around right away and that he was a "perfect diabetic technically".  Plaintiff Dep. p. 80.  There is no evidence in the record to support a finding that Plaintiff's diabetes has substantially limited him in the major life activity of eating.

Plaintiff further argues that his diabetes has substantially limited his ability to work in a class of jobs - namely commercial truck driving.  In determining whether an individual is substantially limited in the major life activity of working, the Court must determine whether the individual is significantly restricted in a "class of jobs or a broad range of jobs, as compared to the average person having comparable training, skills, and abilities." Fjellstad v. Pizza Hut of America, Inc., 188 F.3d 944 (8th Cir. 1999).

The undisputed evidence demonstrates that Plaintiff only drove a commercial truck for approximately one and one-half years.  His previous job

experiences include: golf caddie, an assembly line worker, deli worker, trolley operator/warehouse worker, liquor store, warehouse order filler/forklift operator and pipe fabricator/order sorter.  Plaintiff Dep. p. 11-17.   Within months of his termination, Plaintiff was hired by Excel Energy as a yard equipment operator. Id. p. 63.

Based on this evidence, the Court finds that when properly monitored, the Plaintiff is not substantially limited in the major life activity of working.  Plaintiff testified that he is not physically limited by his diabetes when that condition is properly monitored. Id. p. 79-81.  Although DOT requirements prohibited him from driving a commercial vehicle without an exemption, there is no evidence that the diabetes itself interfered with his ability to drive.   Plaintiff would thus be qualified to work in any of his past positions, including warehouse worker or forklift operator.  Under these circumstances, the Court finds that the Plaintiff has not demonstrated that he is substantially limited in performing a class of jobs or broad range of jobs.

Alternatively, Plaintiff argues that he was regarded as disabled.  The Supreme Court has determined that a plaintiff can demonstrate that he is regarded as disabled if he can show that:

10

(1) a covered entity mistakenly believes that a person has a physical impairment that substantially limits one or more major life activities; or (2) a covered entity mistakenly believes that an actual, nonlimiting impairment substantially limits one or more major life activities.  In both cases, it is necessary that a covered entity entertain misperceptions about the individual - it must believe either that one has a substantially limiting impairment that one does have or that one has a substantially limiting impairment when, in fact, the impairment is not so limiting.

Sutton, 527 U.S. at 489.

Schwan's asserts that the Supreme Court's decision in Murphy v. United Parcel Service, Inc., 527 U.S. 516 (1999) controls here.  In Murphy, the plaintiff worked for UPS as a mechanic.  Part of his job duties required that he be DOT certified to drive a commercial vehicle.  The plaintiff was terminated from this position when it was determined that the plaintiff did not meet the DOT requirements for driving a commercial vehicle due to his high blood pressure. The Court found that, assuming without deciding that the DOT requirements were valid, the plaintiff had not demonstrated a genuine issue of material fact as to whether he was regarded as disabled.  The Court found that the plaintiff had, in fact, been fired because his high blood pressure prevented him from obtaining the proper DOT certification, not because of a mistaken misperception as to his impairment.  Id. 527 U.S. at 523-524.  The Court further found that, based on the

undisputed evidence that the plaintiff was generally employable as a mechanic, and that he had performed mechanic jobs that did not require DOT certification for over 22 years, together with the fact that the plaintiff secured another position shortly after leaving UPS, the plaintiff had failed to show that he was regarded as unable to perform a class of jobs.  Id.

Plaintiff argues that Murphy is distinguishable because the plaintiff in that case was a mechanic by trade, and was thus only disabled from the particular mechanic job that also required DOT certification.  In this case, however, Plaintiff cannot use his commercial driving skills in any other commercial driving position.

Plaintiff's argument presumes that the route manager position involved only driving a commercial vehicle and that Plaintiff was a commercial truck driver by trade.  Schwan's asserts, and Plaintiff does not dispute, that the route manager position involved selling and delivering frozen food and other products to customers along a specified route.  Thus, the route manager is a sales position in addition to a delivery position, and no evidence has been submitted to show that his diabetes prevented him from performing his duties as a salesperson.

12

Like the plaintiff in <u>Murphy</u>, the evidence in this case shows that the loss of his DOT certification prevented the Plaintiff from performing only a particular job, not a class of jobs or a broad range of jobs.  Accordingly, the Court finds that summary judgment in favor of Schwan's on the ADA claim is appropriate.

IT IS HEREBY ORDERED that Defendant Schwan's Home Services, Inc.'s Motion for Summary Judgment [Doc. No. 25] is GRANTED.  This matter is hereby dismissed with prejudice.   Defendant Schwan's Home Services, Inc.'s Motion to Strike [Doc. No. 42] is DENIED as moot.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Date: July 6, 2008

s / Michael J. Davis_____
Michael J. Davis, Chief Judge
United States District Court

13